Martinez v. El Registrador de la Propiedad.

Recurso de queja contra el Registrador de la Propiedad de Aguadilla.

No. 5.—Resuelto en Junio 27, 1903.

Cancelación.—La nulidad de las cancelaciones practicadas por los Registradores de la Propiedad no puede decretarse en la vía gubernativa, sino por los Tribunales de Justicia, y en el juicio declarativo correspondiente.

EXPOSICIÓN DEL CASO.

Don Joaquín Moreno, dueño de una finca radicada en el Distrito de Mayagüez y debidamente inscrita en el Registro, constituyó hipoteca voluntaria sobre ella á favor de Don Víctor Martinez, quien registró su derecho real, cuya hipoteca fué ampliada y vuelta ampliar posteriormente por escritura número 549, de 28 de Mayo de 1897, otorgada en Mayagüez ante el Notario Don Mariano Riera Palmer, por seis mil trecientos treinta pesos sesenta y tres centavos provinciales de principal y dos mil pesos nominales para costas, inscribiendo su derecho de hipoteca el acreedor Sr. Martinez en 12 de Agosto de 1897. Posteriormente á la hipoteca del Sr. Martinez, ó sea en 30 de Marzo de 1898, se anotó suspensivamente un embargo contra Don Joaquín Moreno sobre la misma finca hipotecada y otras dos fincas más por dos mil pesos á favor de Doña María Moreno de Ramirez, y cuya anotación de suspensión quedó convertida en definitiva por nueva anotación hecha en 10 de Agosto de 1898. Años después, en 1o. de Febrero de 1900, por escritura número 100 otorgada en Mayagüez ante el Notario Don Mariano Riera Palmer, el deudor dueño de la finca Don Joaquín Moreno, la adjudica al acreedor Don Víctor Martinez en pago de su crédito hipotecario, y en dicha escritura de adjudicación no se hace mención alguna de embargo á favor de la Señora Moreno de Ramirez.

Es de notar que la inscripción de esta adjudicación no la solicitó el Sr. Martinez, sino que una copia de esa escritura fué presentada en el Registro para su inscripción por Don

No. 5.—Decided June 27, 1903.

### STATEMENT OF THE CASE.

Sergio Ramirez, esposo de Doña María Moreno, como mandatario verbal de Don Joaquín Moreno. Continuado el pleito en cobro de pesos por Doña María Moreno de Ramirez contra Don Joaquín Moreno, y que había motivado las anotaciones de embargo de la finca de referencia, se dictó sentencia de remate en 21 de Mayo de 1900 y por fin, en 12 de Noviembre de 1901, se adjudica esa misma finca á la Señora Moreno de Ramirez, en pago del crédito reclamado.

Como consecuencia de esa sentencia se presentó en el Registro de la Propiedad de Aguadilla un mandamiento expedido por la Corte del mismo Distrito, ordenando la cancelación de la inscripción de dominio á favor de Don Victor Martinez, por haberse adjudicado esa finca á la Sra. Moreno, en el juicio que en cobro de pesos seguía contra Don Joaquin Moreno, dueño de la misma, cancelación que fué verificada inmediatamente por el Registrador de la Propiedad por cuyo motivo, Don Víctor Martinez hubo de recurrir ante el Tribunal Supremo, formulando al efecto escrito de queja contra el referido Registrador, y solicitando que se declarara nula la ameritada cancelación y vigente la inscripción de dominio de la finca en cuestión, que figuraba á su favor en dicho Registro de la Propiedad.

El Tribuaal Supremo, por resolución de Abril 20, 1903, dispuso que acudiera el interesado á usar de su derecho, donde y como correspondiera, y el Sr. Martinez compareció nuevamente ante el mismo Tribunal, pidiendo reconsideración de la anterior resolución, y volviendo á solicitar que se decretara la nulidad de la cancelación, de que hemos hecho mérito, ó en su defecto, que se dispusiera que la inscripción solicitada por la Sra. Moreno, de la adjudicación que se le hizo en el mencionado ejecutivo, se verificara de conformidad con el artículo 9 de la Ley Hipotecaria, ó sea, con el gravámen de la hipoteca constituida por el Sr. Moreno á favor de dicho Sr. Martinez, y proveyendo á este nuevo escrito se dictó la opinión que se inserta más adelante.

Abogado del recurrente: *Sr. Martinez.*

his mortgage debt, and in the deed of conveyance no mention was made of the attachment in favor of Mrs. Moreno de Ramírez.

It will be noted, that the admission of this deed of conveyance to record was not applied for by Martínez, but a copy of the deed was presented at the Registry for admission to record by Sergio Ramírez, the husband of Mrs. María Moreno, acting as the parole agent of Joaquín Moreno. After the prosecution of the suit brought by María Moreno de Ramírez against Joaquín Moreno for the recovery of her credit which had given rise to the cautionary notice of attachment on said farm, judgment was rendered on May 21, 1900, ordering a public sale and, finally, on November 12, 1900, the said property was adjudicated to Mrs. Moreno de Ramírez, in satisfaction of the amount claimed by her.

In consequence of said judgment, a writ issued by the court of the same district was presented at the Registry of Property of Aguadilla, ordering the cancellation of the record of ownership in favor of Victor Martínez, inasmuch as said property had been adjudicated to Mrs. Moreno in the action for the recovery of a debt, prosecuted by her against the owner, Joaquín Moreno, which cancellation was immediately effected by the Registrar of Property. There upon Victor Martínez filed in the Supreme Court a complaint against said Registrar, praying that aforesaid cancellation be declared null and void, leaving in force the record of ownership of the farm in question, which stood in his favor in the Registry of Property.

The Supreme Court, by a decision rendered April 20, 1903, directed the party concerned to assert his right before the proper court and in the manner prescribed by law. Then Martínez again appeared before the same court, praying for a reconsideration of the aforesaid decision and renewing his prayer that the cancellation be declared null and void, or in lieu thereof, that the record of the adjudication in favor of Mrs. Moreno in aforesaid execution proceedings, for

*Opinión del Tribunal.*

*Considerando:* que la nulidad de las cancelaciones practicadas por los Registradores de la Propiedad no puede decretarse en la vía gubernativa, sino por los Tribunales de Justicia, y en el juicio declarativo correspondiente, y que tampoco es competente este Tribunal Supremo para resolver gubernativamente sobre el segundo extremo que subsidiariamente se interesa en el anterior escrito. No há lugar á lo que en el mismo se solicita, y estése á lo dispuesto en providencia de 20 de Abril último en el anterior escrito de queja, de la que es reproducción la que se formula en el presente; y comuníquese.

Jueces concurrentes: Sres. Presidente, Quiñones, y Asociados Hernández, Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no intervino en la discusión de este caso.